## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**SIDI MOHAMED ABDERRAHMANE DAHY,**

        Plaintiff,

v.                              Civil Action No. _____

**EXPERIAN INFORMATION SOLUTIONS, INC.**
Please Serve:
David N. Anthony, Esquire
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
Registered Agent,

**RENTGROW, INC. d/b/a YARDI**
**RESIDENT SCREENING**
Please Serve:
RentGrow, Inc.
c/o Secretary of the Commonwealth of Virginia
307 Waverly Oaks Road, Suite 301
Waltham, Massachusetts 02452

        Defendants.

### COMPLAINT

        Sidi Mohamed Abderrahmane Dahy ("Plaintiff"), by counsel, sets forth the following to the Court:

### I.    Preliminary Statement

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act – "FCRA").

### II.    Jurisdiction

2.      This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

### III.     Parties

3.     Plaintiff is a natural person and consumer as defined by 15 U.S.C. § 1681a(c). Plaintiff

resides in the Commonwealth of Virginia.

4.     Experian Information Solutions, Inc. ("Experian") is for-profit corporation doing

business in the Commonwealth of Virginia. Experian is a "consumer reporting agency,"

as defined in 15 U.S.C. § 1681a(f).

5.     RentGrow, Inc. d/b/a Yardi Resident Screening ("RentGrow") is a for-profit corporation

doing business in the Commonwealth of Virginia. RentGrow is a "consumer reporting

agency," as defined in 15 U.S.C. § 1681a(f). RentGrow is regularly engaged in the

business of assembling, evaluating, and disbursing information concerning consumers for

the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third

parties. RentGrow disburses such consumer reports to third parties under contract for

monetary compensation. RentGrow is also a "reseller" that assembles and merges

information contained in the databases of other consumer reporting agencies and resells

the data to third parties, as defined in 15 U.S.C. § 1681a(u).

### IV.     Venue

6.     Venue is proper in this Court inasmuch as Experian maintains a registered office within

the boundaries of the Eastern District of Virginia; Plaintiff resides in this District and

Division; and a significant part of the events leading to Plaintiff's claims occurred within

the geographical boundaries of this District and Division.

### V.     Facts and Claims

#### *Facts Applicable to All Counts*

7.     At least as early as September 24, 2015, Experian and RentGrow (collectively,

"Defendants") began reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information" or "disputed information").

8.     The inaccurate information included, but is not necessarily limited to, personal identifying information; an HSBC Bank account with a payment status of "charge-off;"[1] two Chase accounts, each with a payment status of "past due 180 days;" and five collections accounts. None of the inaccurate information belong to Plaintiff; upon information and belief; the inaccurate information belongs to Plaintiff's cousin, Sidi Ould Dahi ("Sidi Dahi").

9.     Defendants reported Sidi Dahi (and variations of that name) as an alternative name for Plaintiff even though Plaintiff has never gone by Sidi Dahi. Experian reported Best Deal Corp. ("Best Deal") as Plaintiff's former employer, although Plaintiff never worked for Best Deal.

10.    Plaintiff and Sidi Dahi spell their last name differently and have different middle names, Social Security numbers, dates of birth, and dates of issuance for their Social Security numbers.

11.    Experian included the inaccurate information in Plaintiff's credit report because Experian uses very broad matching rules to assign information to credit reports.

12.    Experian's lax threshold is designed to over-include information when Experian publishes a credit report to a third party.

13.    Despite an abundance of notice from consumers and lawsuits establishing the

---

[1] A "charge-off" status indicates that the debt is unlikely to be collected, usually used when a consumer becomes severely delinquent.

inadequacies of its matching procedures, Experian continues to utilize its lax threshold for matching consumer data to a report based on Experian's belief that its consumers, i.e. lenders, employers, and resellers prefer over inclusive information even if it is not inaccurate.

14.     Experian has long had substantial notice and knowledge of its "mixed file" problems and failures of its business procedures and systems.

15.     As early as 1991, the Federal Trade Commission ("FTC") brought an enforcement action against Experian (formerly TRW, Inc.) in the United States District Court for the Northern District of Texas. *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991). In settling the 1991 enforcement action, Experian agreed to make the following practice changes:

1. **Maintain reasonable procedures to prevent the occurrence or reoccurrence of Mixed Files,**[2] including but not limited to:

a. Continuing its current efforts to improve its information gathering, storing, and generating systems ***to reduce the occurrence of Mixed Files***, through modification and use, for matching and identification purposes, a Consumer's Full Identifying Information;[3] and

b. Not later than July 31, 1992, implementing and utilizing changes to its system designed to prevent, to the extent it reasonably can, the reoccurrence of Mixed Files, once known;
….

iv. Employing reasonable procedures designed specifically ***to reinvestigate disputes from Consumers that result from Mixed Files.***
….

---

[2] Mixed File is defined in the Consent Order as a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report. *TRW, Inc.*, 784 F. Supp. at 362.

[3] Full Identifying Information is defined in the Consent Order as full last and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number. *Id.*

> For the five (5) year period following the entry of [the Consent Order], [Experian] shall measure, monitor, and test the extent to which changes in [Experian's] computer system, including its algorithms, reduce the incidence of Mixed Files.

*TRW, Inc.*, 784 F. Supp. at 362-364 (emphases added).

16. Similarly, another enforcement action was brought against Experian by nineteen state attorneys general that resulted in a similar consent order as described in the previous paragraphs, including the procedures related to the prevention of mixed files and procedures to reinvestigate disputes resulting from mixed files. *See TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991).

17. Despite the consent orders with the FTC and the various states, Experian's computer system causes these mixes because it does not require or use full identifying information for a potential credit grantor's inquiry even when unique identifiers such as a full social security number are present. It uses these lax matching criteria to sell more credit reports.

18. Experian knows that their computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file."

19. Experian has been sued repeatedly for failing to prevent mixed consumer files. *See, e.g., Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Info. Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian*, Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134

(E.D. Tex. Mar. 30, 2001).

20.   Numerous cases alleging a mixed file and/or a failure to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains have also been brought in this District and Division. *See e.g.*, *Mullins v. Equifax Information Services, LLC*, 3:05cv888, 2007 WL 2471080 (E.D. Va. August 27, 2007); *Saunders v. Branch Banking and Trust Co.*, 3:05cv731 (E.D. Va.); *Ross v. Experian Information Solutions, Inc.*, 3:09cv144 (E.D. Va. 2009); *Baker v. TransUnion, LLC*, 3:07-cv-107 (E.D. Va. 2007); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235 (4th Cir. 2009); *Sloane v. Equifax Info Servs.*, 510 F.3d 495 (4th Cir. 2007); *Abraham Lopez, Jr., v. Trans Union, LLC,* Civil Action No. 1:12-cv-902 (E.D. Va. 2012); *Alejandro Lopez, Sr. v. Trans Union, LLC*, Civil Action No. 1:12cv1325 (E.D. Va. 2012); *Thach v. Trans Union*, Civil Action 3:13-cv-00551 (E.D. Va. 2013); *Qadir v. Equifax Info. Servs.*, *LLC*, Civil Action No. 3:13-cv-00557 (E.D. Va. 2013); *Islam v. Equifax Info. Servs., LLC*, Civil Action No. 1:14-cv-0288; *Chaudhary v. Experian Info. Solutions, Inc.*, Civil Action No. 3:14-cv-00124 (E.D. Va. 2014); *Chaudhary v. Trans Union, LLC*, Civil Action No. 3:14-cv-00123 (E.D. Va. 2014); *Valdez-Estep v. Equifax Info. Servs.*, Civil No. 1:13-cv-00007 (E.D. Va. 2016); *Kang v. Equifax Info. Servs.*, Civil No. 1:15-cv-01406 (E.D. Va. 2015); *Moulvi v. Equifax Info. Servs.*, Civil No. 1:15-cv-01073 (E.D. Va. 2015); *Barclay v. Equifax Info. Servs.*, Civil No. 1:15-cv-00691 (E.D. Va. 2015); *Robinson-Huntley v. Equifax Info. Servs.*, Civil No. 1:15-cv-00626 (E.D. Va. 2015); *Shanks v. Experian Info. Solutions, Inc.*, Case No. 3:16-cv-00616 (E.D. Va. 2016).

21.   Despite these lawsuits, Experian has not significantly modified its procedures to assure

that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

22.     Experian knowingly chooses to ignore these notices of its mixed file problems.

23.     Upon information and belief, Experian has not, and does not intend, to modify its procedures to comply with this section of the FCRA because compliance would lower its profits.

24.     Accordingly, Experian's violations of 15 U.S.C. § 1681e(b) were willful and Experian is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

25.     RentGrow maintains a database of information about consumers, including criminal records and other consumer information, and provides tenant screening reports to landlords and apartment management companies throughout Virginia. The tenant screening reports are "consumer reports" as defined by the FCRA.

26.     RentGrow obtains the information in its database from third-party data providers, including Experian.

27.     On or about September 24, 2015, Plaintiff applied to rent an apartment at Lynbrook at Mark Center in Alexandria, Virginia ("Lynbrook").

28.     In connection with Plaintiff's rental application, Lynbrook obtained a "resident screening report" (the "RentGrow report") regarding Plaintiff from RentGrow.

29.     The RentGrow report contained inaccurate information.

30.     The RentGrow report includes information aggregated from a number of different sources, and also includes scoring and recommended actions – called "results" generated by RentGrow.

31.     Lynbrook denied Plaintiff's rental application. The basis for this denial was the

inaccurate information that appears on the RentGrow report. The inaccurate information

in the RentGrow report was a substantial factor for the denial of Plaintiff's rental

application.

32.     The RentGrow report recommended that Lynbrook "REJECT" Plaintiff's application due

to "Severe Level of Collection Items."

33.     The RentGrow report contains inherently illogical information. For example, it lists credit

accounts for Plaintiff that were established before Plaintiff received his Social Security

Number. The RentGrow report also states "SSN DOES NOT MATCH" and "CREDIT

ESTABLISHED PRIOR TO SSN ISSUE DATE."

34.     RentGrow has been sued on multiple occasions for failure to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the

credit reports and credit files it publishes and maintains. *See Aldaco v. RentGrow, Inc.*,

Civil Action No. 1:16-cv-05754 (N.D. Ill. 2016); *McGrady v. Yardi Systems f/k/a

RentGrow, Inc.*, Civil Action No. 1:17-cv-10387 (D. Mass. 2017); *Panaligan v. Trans

Union, LLC*, Civil Action No. 2:17-cv-02682 (E.D. Pa. 2017); *Hajjaj v. RentGrow, Inc.*,

Civil Action No. 1:17-cv-10076 (D. Mass 2017).

35.     The inaccurate information in the RentGrow report originated from Experian.

36.     RentGrow was on notice that information from Experian regarding Plaintiff was

unreliable because it contained inherently illogical information, and Experian has been

sued numerous time for failing to prevent mixed consumer files. *See* ¶ 19, *supra*.

37.     Further, Experian had explicitly told RentGrow not to rely on the information Experian

provided, and had disclaimed any responsibility for the accuracy or currency of that

information.

38. When Experian agrees to provide information to entities such as RentGrow, it requires

those entities to sign a contract containing a provision which is materially identical to the

following:

THE [LICENSED DATA] IS PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS. [LICENSEE] AND ITS DATA PROVIDERS MAKE NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO THE [LICENSED DATA] AND DISCLAIM ANY EXPRESS OR IMPLIED WARRANTIES WITH RESPECT THERETO. WITHOUT LIMITING THE FOREGOING, [LICENSEE] AND ITS DATA PROVIDERS DO NOT GUARANTEE OR WARRANT THE ACCURACY, TIMELINESS, COMPLETENESS, CURRENTNESS, MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE OF THE [LICENSED DATA].

39. RentGrow signed an agreement with Experian containing the term in Paragraph 38

above, or similar language. Given this disclaimer, it was manifestly unreasonable for

RentGrow to rely on Experian's data.

40. When Experian agrees to provide information to a consumer reporting agency entity such

as RentGrow, it requires those entities to sign a contract containing the following

provision:

Licensee hereby certifies that it is an originating "consumer reporting agency" as defined by the FCRA and that it shall comply with the FCRA, the Federal Trade Commission and Consumer Financial Protection Bureau interpretations thereof, and similar state statutes. Without limiting the foregoing, Licensee shall be responsible for (i) maintaining reasonable procedures to assure the maximum possible accuracy of the information concerning the individual to whom any consumer report relates.

41. RentGrow signed an agreement with Experian containing the term in Paragraph 40

above, or similar language. RentGrow was therefore on notice of its FCRA

responsibilities.

42. After Lynbrook denied Plaintiff's rental application, Plaintiff disputed the inaccurate

9

information in his credit file with Experian, to no avail. After this dispute, Plaintiff

unsuccessfully applied for a job with FedEx Ground Package System ("FedEx"). The

basis for FedEx's denial of Plaintiff for employment was inaccurate information

originating from Experian.

43.     Experian had actual knowledge of the inaccuracies set forth above and deliberately chose

to ignore and permit the reporting of the inaccurate information. Experian knew that its

reporting regarding Plaintiff was inaccurate because it generated warnings regarding its

reporting, which showed up on the RentGrow report as "SSN DOES NOT MATCH" and

"CREDIT ESTABLISHED PRIOR TO SSN ISSUE DATE."

44.     Because of Experian and RentGrow's inaccurate reporting, Plaintiff was forced to secure

shelter that was substantially inferior to the apartment at Lynbrook and expend significant

funds in securing such inferior shelter.

45.     Because of Experian's inaccurate reporting, Plaintiff lost opportunities to enter into

consumer credit transactions and obtain employment, including with FedEx.

**Count One – Violation of the Federal Fair Credit Reporting Act**
**(15 USC § 1681e(b)) – Suit Against Experian for Compensatory,**
**and Punitive Damages and for Attorney's Fees and Costs**

46.     Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

47.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of Plaintiff's

consumer report and consumer information and files it published and maintained

concerning Plaintiff.

48.     As a proximate result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered

actual damages, including but not limited to: lost wages, out-of-pocket expenses, lost

opportunities to enter into consumer credit transactions, loss of opportunities to obtain rental housing, loss of employment opportunities, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

49.  The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

50.  Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count Two – Violation of the Federal Fair Credit Reporting Act
### (15 USC § 1681e(b)) – Suit Against RentGrow for Compensatory,
### and Punitive Damages and for Attorney's Fees and Costs

51.  Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

52.  RentGrow violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report and consumer information and files it published and maintained concerning Plaintiff.

53.  As a proximate result of RentGrow's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: out-of-pocket expenses, loss of opportunities to obtain rental housing, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

54.    The violations by RentGrow were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, RentGrow was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

55.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from RentGrow in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Three – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)(1)) – Suit Against Experian for Statutory,**
**Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

56.    Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

57.    Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the information disputed by Plaintiff was inaccurate and record the current status of the disputed information or delete the disputed items from Plaintiff's credit file.

58.    As a proximate result of Experian's violations of 15 U.S.C. § 1681i(a)(1), Plaintiff suffered actual damages, including but not limited to: lost wages, out-of-pocket expenses, lost opportunities to enter into consumer credit transactions, loss of opportunities to obtain rental housing, loss of employment opportunities, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

59.    The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

60.    Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's

fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §
1681n and § 1681o.

### Count Four – Violation of the Federal Fair Credit Reporting Act
### (15 U.S.C. § 1681i(a)(2)(A)) – Suit Against Experian for Statutory,
### Compensatory, and Punitive Damages and for Attorney's Fees and Costs

61.     Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

62.     Experian violated 15 U.S.C. § 1681(a)(2)(A) by failing to provide furnishers of
information in Plaintiff's credit file with all the relevant information regarding Plaintiff's
dispute(s).

63.     As a proximate result of Experian's violations of 15 U.S.C. § 1681(a)(2)(A), Plaintiff
suffered actual damages, including but not limited to: lost wages, out-of-pocket expenses,
lost opportunities to enter into consumer credit transactions, loss of opportunities to
obtain rental housing, loss of employment opportunities, harm to reputation, interference
with normal and usual activities, and emotional distress, including humiliation and
embarrassment.

64.     The violations by Experian were willful, rendering it liable for punitive damages in an
amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative,
Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

65.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's
fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §
1681n and § 1681o.

### Count Five – Violation of the Federal Fair Credit Reporting Act
### (15 U.S.C. § 1681i(a)(4)) – Suit Against Experian for Statutory,
### Compensatory, and Punitive Damages and for Attorney's Fees and Costs

66.     Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

67.   Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

68.   As a proximate result of Experian's violations of 15 U.S.C. § 1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: lost wages, out-of-pocket expenses, lost opportunities to enter into consumer credit transactions, loss of opportunities to obtain rental housing, loss of employment opportunities, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

69.   The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

70.   Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count Six – Violation of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681i(a)(5)(A)) – Suit Against Experian for Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs

71.   Plaintiff re-avers and incorporates all other factual allegations set forth in the Complaint.

72.   Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

73.   As a proximate result of Experian's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: lost wages, out-of-pocket expenses, lost opportunities to enter into consumer credit transactions, loss of opportunities to

obtain rental housing, loss of employment opportunities, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

74.     The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

75.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI.     Demand for Trial by Jury

76.     Plaintiff demands trial by jury.

## VII.     Conclusion

WHEREFORE, Plaintiff prays that the Court enter a judgment for actual, statutory and punitive damages against Defendants; award him his attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o; award prejudgment and post-judgment interest at the judgment rate; and grant such other relief the Court deems just and proper.

Respectfully submitted,

**SIDI MOHAMED ABDERRAHMANE DAHY**

By      /s/ Drew D. Sarrett
                    Counsel

Drew D. Sarrett (VSB No. 81658)
The Sarrett Law Firm, PLLC
513 Forest Avenue, Suite 205
Richmond, Virginia 23229
Phone: (804) 303-1951
Fax: (804) 250-6005
E-mail: drew@sarrettlawfirm.com
*Counsel for Plaintiff(s)*