IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIDI MOHAMED ABDERRAHMANE DAHY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-01040-LMB-MSN |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | ) |
| Defendants. | ) |

### **DEFENDANT RENTGROW, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant RentGrow, Inc. ("RentGrow"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Sidi Mohamed Abderrahmane Dahy, as follows:

### **I.   Preliminary Statement**

1. Paragraph 1 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that Plaintiff alleges Fair Credit Reporting Act ("FCRA") claims in this action. RentGrow denies all liability and denies that Plaintiff is entitled to recover the types of damages listed and attorney's fees, or at all.

### **II.   Jurisdiction**

2. Paragraph 2 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that this Court may properly exercise subject matter jurisdiction over this action.

### **III.   Parties**

3. On information and belief, admitted.

4. Paragraph 4 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits the allegations in paragraph 5 on information and belief.

5. Paragraph 5 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow admits only that it is a for-profit corporation, that it conducts business in Virginia, that it is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), that it provides "consumer reports" as defined in 15 U.S.C. § 1681(d) to third party customers, and that it is a "reseller" as defined in 15 U.S.C. § 1681a(u). RentGrow denies all other allegations in paragraph 5.

### IV.    Venue

6. Paragraph 6 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, RentGrow lacks knowledge or information sufficient to admit or deny the allegations paragraph 6, and, on that basis, denies that venue is proper in this Court.

### V.    Facts and Claims

*Facts Applicable to All Counts*

7. RentGrow admits only that in or about September 2015, it reported information relating to Plaintiff and Plaintiff's credit history to a third party. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8.

9. RentGrow admits only that "Sidi Dahi" was reported to RentGrow as an alternative name for Plaintiff and that Best Deal Corp. was reported to RentGrow as a former

employer of Plaintiff. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9.

10. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11. On information and belief, denied.

12. On information and belief, denied.

13. On information and belief, denied.

14. On information and belief, denied.

15. RentGrow admits that Plaintiff has alleged that Experian has been sued in *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991). RentGrow further states that the alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any allegations of paragraph 15 inconsistent therewith. Except as specifically admitted, RentGrow denies the remaining allegations of paragraph 15.

16. RentGrow admits that Plaintiff has alleged that Experian has been sued in *RW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991). RentGrow further states that the alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any allegations of paragraph 16 inconsistent therewith. Except as specifically admitted, RentGrow denies the remaining allegations of paragraph 16.

17. On information and belief, denied.

18. On information and belief, denied.

19. RentGrow admits that Plaintiff has alleged that Experian has been sued in the lawsuits alleged in paragraph 19. RentGrow further states that each such alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any

allegations of paragraph 19 inconsistent therewith. Except as specifically admitted, RentGrow denies the remaining allegations of paragraph 19.

20. RentGrow admits that Plaintiff has alleged that there have been numerous lawsuits filed in this District alleging a mixed file and/or a failure to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files. RentGrow further states that each such alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, RentGrow denies any allegations of paragraph 20 inconsistent therewith. Except as specifically admitted, RentGrow denies the remaining allegations of paragraph 20.

21. On information and belief, denied.

22. On information and belief, denied.

23. On information and belief, denied.

24. On information and belief, denied.

25. RentGrow admits only that it provides tenant screening reports to customers in Virginia and that its tenant screening reports are consumer reports as defined in 15 U.S.C. § 1681a(d). RentGrow denies all other allegations in paragraph 25.

26. RentGrow admits only that it obtains information from third-party data providers, including Experian. RentGrow denies all other allegations in paragraph 26.

27. On information and belief, RentGrow admits that Plaintiff applied to rent an apartment at Lynbrook at Mark Center in Alexandria, Virginia ("Lynbrook"). RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 27.

28. RentGrow admits only that it provided a tenant screening report regarding Plaintiff to Lynbrook. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 28.

29. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29.

30. RentGrow admits only that the tenant screening report it provided to Lynbrook included information aggregated from a number of different sources. RentGrow denies the remaining allegations in paragraph 30.

31. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31.

32. Denied.

33. RentGrow admits only that the tenant screening report regarding Plaintiff that it provided to Lynbrook contained the notations quoted in the final sentence of paragraph 33. RentGrow lacks knowledge or information sufficient to admit or deny whether the tenant screening report lists credit accounts for Plaintiff that were established before Plaintiff received his Social Security Number. RentGrow denies all other allegations in paragraph 33.

34. RentGrow admits only that it was or is a defendant in the respective civil actions listed in paragraph 34. RentGrow denies all other allegations in paragraph 34.

35. RentGrow admits that certain information in the tenant screening report regarding Plaintiff that it provided to Lynbrook was provided to RentGrow by Experian. RentGrow lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 35.

36. Denied.

37. Denied.

38. RentGrow states that any agreement it has with Experian speaks for itself and thereby denies any allegation in paragraph 38 inconsistent therewith. Except as specifically admitted, Experian denies the remaining allegations of paragraph 38.

39. RentGrow states that any agreement it has with Experian speaks for itself and thereby denies any allegation in paragraph 39 inconsistent therewith. Except as specifically admitted, Experian denies the remaining allegations of paragraph 39.

40. RentGrow states that any agreement it has with Experian speaks for itself and thereby denies any allegation in paragraph 40 inconsistent therewith. Except as specifically admitted, Experian denies the remaining allegations of paragraph 40.

41. RentGrow states that any agreement it has with Experian speaks for itself and thereby denies any allegation in paragraph 41 inconsistent therewith. Except as specifically admitted, Experian denies the remaining allegations of paragraph 41.

42. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42.

43. On information and belief, denied.

44. RentGrow lacks knowledge or information sufficient to admit or deny whether "Plaintiff was forced to secure shelter that was substantially inferior to the apartment at Lynbrook and expend significant funds in securing such inferior shelter." On information and belief, RentGrow denies all other allegations in paragraph 44.

45. RentGrow lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45.

### Count One – Violation of the Federal Fair. Credit Reporting Act
### (15 USC § 1681e(b)) – Suit Against Experian for Compensatory,
### and Punitive Damages and for Attorney's Fees and Costs

46.     RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

47.     On information and belief, denied.

48.     On information and belief, denied.

49.     On information and belief, denied.

50.     On information and belief, denied.

### Count Two – Violation of the Federal Fair Credit Reporting Act
### (15 USC § 1681e(b)) – Suit Against RentGrow for Compensatory,
### and Punitive Damages and for Attorney's Fees and Costs

51.     RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

### Count Three – Violation of the Federal Fair Credit Reporting Act
### (15 U.S.C. § 1681i(a)(1)) – Suit Against Experian for Statutory,
### Compensatory, and Punitive Damages and for Attorney's Fees and Costs

56.     RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

57.     On information and belief, denied.

58.     On information and belief, denied.

59.     On information and belief, denied.

60.     On information and belief, denied.

**Count Four – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)(2)(A)) – Suit Against Experian for Statutory,**
**Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

61. RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

62. On information and belief, denied.

63. On information and belief, denied.

64. On information and belief, denied.

65. On information and belief, denied.

**Count Five – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)4)) – Suit Against Experian for Statutory,**
**Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

66. RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

67. On information and belief, denied.

68. On information and belief, denied.

69. On information and belief, denied.

70. On information and belief, denied.

**Count Six – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)(5)(A)) – Suit Against Experian for Statutory,**
**Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

71. RentGrow re-alleges and incorporates its responses to all factual allegations set forth in the Complaint.

72. On information and belief, denied.

73. On information and belief, denied.

74. On information and belief, denied.

75. On information and belief, denied.

## JURY TRIAL DEMAND

RentGrow demands trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

RentGrow denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE AND OTHER DEFENSES

RentGrow submits the following affirmative and other defenses to Plaintiff's Complaint. RentGrow re-alleges and incorporates by reference its responses to paragraphs 1 through 75 as if fully set forth in these affirmative defenses.

## FIRST DEFENSE

The alleged claims and purported claims for relief stated in the Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because he did not suffer any damages.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because of his failure to mitigate his damages, if any.

## FOURTH DEFENSE

To the extent Plaintiff has suffered or will suffer any damages, which RentGrow denies, such damages were caused, in whole or in part, by Plaintiff's actions, in that Plaintiff failed to use ordinary care and diligence or engaged in other conduct contributing to or causing such damages. In the event any fault of RentGrow is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against RentGrow must be reduced and limited by the comparative fault of Plaintiff.

**FIFTH DEFENSE**

To the extent Plaintiff has suffered or will suffer any damages, which RentGrow denies, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which RentGrow had no control and for which RentGrow is not liable, including, but not limited to credit bureaus or other consumer reporting agencies. In the event any fault of RentGrow is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against RentGrow must be reduced and limited by the comparative fault of such persons or entities.

**SIXTH DEFENSE**

To the extent Plaintiff claims RentGrow willfully violated the FCRA, which RentGrow denies, any violation was not willful, including because RentGrow's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 70 (2007).

**SEVENTH DEFENSE**

Plaintiff has no cause of action under 15 U.S.C. § 1681e(b) because RentGrow at all times maintained and followed reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff.

**EIGHTH DEFENSE**

Although RentGrow denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent that Plaintiff seeks, and applicable law generally permits, the recovery of punitive damages, any award of such damages in this case would violate the United States and applicable state constitutions and is therefore barred.

## **RESERVATION OF RIGHTS**

RentGrow reserves the right to assert and rely on any other affirmative defenses that may become known to it as this case proceeds.

**WHEREFORE**, RentGrow denies any legal obligation or liability to Plaintiff and prays that Plaintiff takes nothing, and respectfully requests that this Court:

(a) Deny all relief sought by Plaintiff;

(b) Enter judgment in RentGrow's favor on each and every claim set forth in the Complaint; and

(c) Award RentGrow its costs and fees incurred, including but not limited to reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: November 17, 2017　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Kenneth J. Nichols
　　　　　　　　　　　　　　　　　　　Kenneth J. Nichols (Va. Bar No. 71320)
　　　　　　　　　　　　　　　　　　　***Counsel for Defendant***
　　　　　　　　　　　　　　　　　　　***RentGrow, Inc.***
　　　　　　　　　　　　　　　　　　　NIXON PEABODY LLP
　　　　　　　　　　　　　　　　　　　799 Ninth Street, NW, Suite 500
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001-4501
　　　　　　　　　　　　　　　　　　　(202) 585-8185 (telephone)
　　　　　　　　　　　　　　　　　　　(202) 585-8080 (facsimile)
　　　　　　　　　　　　　　　　　　　knichols@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2017, I caused a true and correct copy of the foregoing Defendant RentGrow, Inc.'s Answer and Affirmative Defenses to be filed with the court's Electronic Case Filing System, which will then send a notification of electronic filing to the following counsel of record:

>Drew D. Sarrett, Esq.
>THE SARRETT LAW FIRM, PLLC
>513 Forest Avenue, Suite 205
>Richmond, Virginia
>drew@sarrettlawfirm.com
>
>*Counsel for Plaintiff*
>*Sidi Mohamed Abderrahmane Dahy*
>
>David N. Anthony, Esq.
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>
>*Counsel for Defendant*
>*Experian Information Solutions, Inc.*

>         /s/  Kenneth J. Nichols          
>Kenneth J. Nichols (Va. Bar No. 71320)
>***Counsel for Defendant***
>***RentGrow, Inc.***
>NIXON PEABODY LLP
>799 Ninth Street, NW, Suite 500
>Washington, D.C. 20001-4501
>(202) 585-8185 (telephone)
>(202) 585-8080 (facsimile)
>knichols@nixonpeabody.com

4832-8855-0485